**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-00890-RM-MDB

RICHARD GRENFELL
PHILLIP LECK
CODY SCHWAB
KATALYN GRENFELL
GORDON MUNDELL
AUSTIN MORRIS
LES GRENFELL
DWAYNE JOHNSON
KENNETH PRICKETT

    Individuals,

Plaintiffs

v.

NEWMONT CC&V MINING CORPORATION

    A Delaware Corporation

 Defendant.

---

**PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

---

Plaintiffs, Richard Grenfell et al., through their attorney, Steven L. Murray of Murray Law, LLC, submit their Reply to Defendant's Response [ECF # 98] to Plaintiff's Motion for Leave to Amend [ECF # 94].

### **INTRODUCTION**

The Plaintiffs' motion seeks to amend the Complaint on behalf of four plaintiffs: Phillip Leck, Cody Schwab, Austin Morris, and Kenneth Prickett [four Plaintiffs].

1

Defendant's response does not support the denial of Plaintiff's motion. The Plaintiffs' motion should be granted.

First, Plaintiffs' motion complies with Federal Rule of Civil Procedure 15(a). Second, Defendant will suffer no prejudice because of the Plaintiffs' requested amendment. Third, Plaintiffs did not engage in any inexcusable delay. Fourth, the motion is filed pursuant to a prior Recommendation of the United States Magistrate Judge and an Order of the Court in this case.

Fifth, the Plaintiffs' proposed claims are not futile. Plaintiffs assert compelling claims for religious discrimination in the form of a failure to accommodate a sincerely held religious belief. The Plaintiffs contend that Defendant denied each Plaintiff's requested accommodations to the Defendant's mandate to take the COVID-19 vaccine and terminated their employment when they did not receive the vaccine. The Plaintiffs' claims are expressly supported by recent and evolving case law from United States Circuit Courts of Appeal for the Tenth and Eighth Circuits, United States District Courts, including decisions from Courts in this District.

Finally, Plaintiff Cody Schwab's amendment sufficiently alleges the elements of a religious accommodation claim.

## **ARGUMENT**

### 1. Plaintiffs Meet the Standards of Rule 15(a)

The Plaintiffs' motion is proper, and leave should be granted to amend under Fed. R. Civ. P. 15(a)(2). The Court "should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a). *Littlewood v. Novartis Pharms. Corp.,* No. 21-CV- 02559-CMA-SKC, 2022 WL 252319, at *1 (D. Colo. January 27, 2022).

A general presumption exists in favor of allowing a party to amend its pleadings, *see*

2

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Defendant Newmont, the non-moving party, must prove that the proposed amendments are improper. *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

Rule 15(a) aims "to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Littlewood,* 2022 WL 252319, at *1. [Internal citations and quotations omitted]. In *Littlewood,* the Court explained that when determining whether to allow amendment of a complaint, courts typically consider several factors: whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, whether the request was offered in good faith, and whether the party has had sufficient opportunity to state a claim and has failed. [Internal citations omitted]. 2022 WL 252319, at *1.

As discussed herein, potential prejudice to a defendant is the most important factor in considering whether a plaintiff should be permitted to amend its complaint. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). *Brinkman Constr., Inc. v. Lloyd*, No. 19-CV-03438-CMA-KLM, 2020 WL 4915605, at *2 (D. Colo. Aug. 20, 2020).

   2.   **No Prejudice**

Potential prejudice to a defendant is the most important factor in determining whether a plaintiff should be permitted to amend the Complaint. *Littlewood,* 2022 WL 252319, at *1. Courts typically find prejudice only when the proposed amendments unfairly affect the defendants in preparing their defense to the amendments. *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1208 (10th Cir. 2006) [Internal citations omitted]. *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971). "Most often, [undue prejudice] occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Minter*, 451 F.3d at 1208. *Littlewood v. Novartis*

*Pharms. Corp.*, No. 21-CV-02559-CMA-SKC, 2022 WL 252319, at *1 (D. Colo. Jan. 27, 2022).

The Plaintiffs' proposed Third Amended Complaint will not cause Defendant undue prejudice. The proposed amendments do not "arise out of a subject matter different from what was set forth in the complaint" or "raise significant new factual issues." *Minter*, 451 F.3d at 1208. While the Plaintiffs' proposed amendments add new facts, these facts were known to Defendant and these facts are in response to the religious conflict argument raised in Defendant's motion to dismiss. *Littlewood,* 2022 WL 252319, at *2.

In *Patton v. Guyer,* 443 F.2d 79, 86 (10th Cir. 1971), the Court emphasized: "The inquiry again is whether the allowing of the amendment produced a grave injustice to the defendants. In our view it is more likely that substantial justice would have suffered had the motion to amend been denied."

The proposed Third Amended Complaint relates to the original pleading because the proposed amended claims arose from the conduct and occurrences set out in the original pleading. Fed. R. Civ. P. 15(c)(1)(B). The proposed amended claims do not (1) arise out of a subject matter different from the subject matter in the initial Complaint or prior Complaints , (2) raise significant new factual issues, or (3) add any new claim.

Defendant has not shown how the amendments will prejudice its ability to defendant Plaintiffs' claims.

The current stage of the case supports the Plaintiffs' motion.

Neither party has submitted any written discovery. No party has taken a depostion.

The requested amendments are necessary for the interests of justice. In addition, he Plaintiffs' request to amend the Complaint is made in good faith. In this case, the Plaintiffs' proposed Amended Complaint will not cause Defendant undue prejudice.

### 4. No Inexcusable Delay

The Defendant's primary argument in its response is Plaintiff's alleged inexcusable delay in bringing forth facts they knew of since the beginning of the litigation yet failed to raise until approximately thirteen months into the litigation. Defendant alleges per the parties' conferral discussions, counsel for Plaintiffs expressly represented that Plaintiffs did *not* have any further amendments to their proposed second amended Complaint that could address the pleading deficiencies identified by Defendant—including that Plaintiffs failed to allege a plausible religious belief in conflict with Defendant's mandatory vaccination requirement, or failed to allege a conflict with the requirement that was grounded in religion. [ECF # 98, p. 1-2].

#### *(1) Plaintiff's Reply To Defendant's Delay Argument*

The Defendant's delay argument does not support the denial of the Plaintiff's motion to amend. First, Defendant's argument ignores the treatment of the four Plaintiffs' claims by the Recommendation of the United States Magistrate Judge's and the Order of the Court adopting/incorporating the Recommendation's analysis of the four Plaintiffs claims. <u>The Recommendation recognizes the four Plaintiffs' claims as very close to the claims of the other Plaintiffs whose claims were not dismissed.</u>

#### *(2) Recommendation and Order of the Court*

Plaintiffs' proposed amendments are pursuant to the Recommendation of United States Magistrate Judge Maritza Dominguez Braswell [ECF No. 86] and the Court's Order on April 30, 2024. [ECF No. 86]. The Court's Order approved the Recommendation [ECF No. 65], ordering the failure to accommodate claims of the four Prickett dismissed without prejudice. [ECF No. 86].

As for every Plaintiff, the Recommendation states: "Drawing all inferences in

5

Plaintiffs' favor—as the Court must at this stage—it finds Plaintiffs' allegations are sufficient to demonstrate they genuinely hold religious beliefs that conflict with the vaccine requirement. . . . "[ECF # 65, p. 9]. Concerning the religious discrimination claims by the four Plaintiffs, the Recommendation states:

> [T]he claims all stem from the same set of facts and issues, and it is clear from the allegations in the operative Complaint that Plaintiffs share similar and/or overlapping religious beliefs. That some Plaintiffs articulated those beliefs in one way, while others did so in a different way, does not change the underlying facts and circumstances. Thus, any pleading defect as to Plaintiffs Schwab, Leck, Morris, and Prickett **can easily be remedied**, and the Court recommends dismissing those Plaintiffs' failure-to accommodate claims without prejudice, giving them an opportunity to cure this pleading defect. [ECF # 65, p. 11, note 5].[emphasis supplied].

The Court's Order states: "in light of the Recommendation's conclusion that the deficiencies in these Plaintiffs' allegations can easily be remedied, the absence of defining precedent on this issue in this Circuit, and **the evolution of the caselaw since the Complaint was filed**, the Court agrees that dismissal without prejudice is appropriate." [ECF No. 86, p. 8]. [Emphasis supplied].

### *(3) Discussion Between Attorneys*

Defendant's response relies on exchanges between attorneys for the Defendant and Plaintiffs counsel as a basis for its inexcusable delay argument. Plaintiffs have a different view on this factor. Plaintiff's counsel did not mislead Defendant's counsel.

At the center of the conferral between counsel is the same issue at the heart of this case: Did Plaintiffs assert sincerely held religious beliefs that conflicted with Defendant's COVID-19 mandate, including the contention that Plaintiff's objections to the vaccine were based on personal, not religious beliefs.

At the time of the conferral, Plaintiffs' attorney believed the Plaintiffs asserted sufficient facts to establish the Plaintiffs asserted sincerely held religious beliefs that conflicted with

Defendant's COVID-19 mandate. Defendant's counsel disagreed with Plaintiffs' postion.

Plaintiff's counsel and Defendant's counsel continue to disagree on this issue. The attorneys are opposing counsel in two additional cases in this District. Each case involves plaintiffs alleging the same religious accommodation claims concerning the COVID-19 vaccine, and the same Defendant or related Defendants. In each action, the Defendant asserts the same argument.[1]

### 5. Plaintiffs assert Compelling Claim Under Current Case Law

Defendant's response was filed on May 20, 2024, citing *Kiel v. Mayo Clinic Health Sys. Se. Minn.*, --- F. Supp. 3d _ , 2023 WL 5000255, at *8 (D. Minn. Aug. 4, 2023)(dismissing Plaintiff's failure to accommodate claim under Rule 12(b)(6) for failing to adequately allege that the Plaintiff's opposition to vaccination based on its development with fetal cell lines was tied to a particularized religious belief).

On May 24, 2024, four days after Defendant filed its response, the Eighth Circuit Court of Appeals reversed the District Court's Order in *Kiel.* In *Ringhofer v. Mayo Clinic, Ambulance* [102 F.4th 894, 900–01 (8th Cir. May 24, 2024)], the three plaintiffs in issue sought religious accommodations for the employer's vaccination requirement, and the employer denied the accommodation requests. The plaintiffs sued for failure to accommodate their religious beliefs under Title VII.

The Court of Appeals held that the District Court erred in finding that the plaintiffs did not adequately connect their refusal of the vaccine with their religious beliefs. The Court noted that each plaintiff (1) argued their Christian religious beliefs prevented them from taking the COVID-19 vaccine and (2) invoked two principles in arguing their religious beliefs conflicted

---

[1] *Janney v. Newmont*, [Civil Action No.: 1:23-cv-03392-RMR-NRN] and *Rogers v. Newmont*, [Case No. 1:23-cv-02950-DDD-KAS].

7

with the vaccine mandate: (a) their "body is a temple," and they shall not inject it with impure or unknown substances, and (b) their anti-abortion beliefs, rooted in their religion, prevented them from using a product developed with fetal cell lines. 102 F.4th 894, 901 (8th Cir. 2024).

For example, plaintiff Ringhofer's Complaint states that "his body is a Temple to the Holy Spirit," and he is strongly against abortion. Plaintiff Ringhofer believed that taking the vaccine would violate his religious beliefs and conscience because the vaccines were produced with or tested with fetal cell lines. 102 F.4th 894, 901.

The Court of Appeals found the District Court erred by not considering "the complaint as a whole," instead focusing on specific parts of the complaints to rule the antivaccine beliefs as being "personal" or "medical." (internal citations omitted). 102 F.4th 894, 901. The Court explained that at the motion to dismiss stage, the Complaint should not be "parsed piece by piece to determine ne whether each allegation, in isolation, is plausible." (citation omitted). The Court cited specific EEOC Guidance: "overlap between a religious and political view does not place it outside the scope of Title VII's religious protections, as long as the view is part of a comprehensive religious belief system." EEOC Compliance Manual § 12-I(A)(1) (January 15, 2021). 102 F.4th 894, 901.

The Court of Appeals found the District Court erred by emphasizing that many Christians elect to receive the vaccine. 102 F.4th 894, 901. This point did not defeat the plaintiffs' claims. (internal citations omitted). The Court cited and applied a First Amendment principle, explaining that the Free Exercise Clause guarantee is not limited to beliefs shared by all the members of a religious sect. (internal quotations and citations omitted). 102 F.4th 894, 901. 2.

On June 24, 2024, *Ringhofer* was expressly relied on in *Tavis Rogers v. Newmont Corporation, including Newmont International Services Limited*, [(D. Colo.) [Case No. 1:23-cv-

8

02950-DDD-KAS (ECF # 38], a decision by a Court in this District. In *Rogers*, the Court denied Newmont's motion to dismiss Rogers' failure to accommodate claim his religious beliefs in the context of his refusal to take the COVID-19 vaccine and Newmont's termination of his employment. found The Court stated:

> That Mr. Rogers's religious approach to the vaccine is somewhat idiosyncratic, even among others who share his Christian faith, does not permit courts (or employers) to treat it as less worthy of respect and protection. *See Does 1–11 v. Regents of the Univ. of Colorado*, 100 F.4th 1251, 1274 (10th Cir. 2024) (rejecting policy that allowed exemption "for some favored religious applicants" over others who did not adhere to "official doctrine"). It is precisely the religious minority that the First Amendment is there to protect. [ECF # 38, p. 7].

The Court found Rogers' "allegations at the very least plead that his objection is religiously motivated. That is sufficient to deny the motion as to the failure-to-accommodate claim at this stage." *See, e.g., Caspersen v. Western Union, LLC*, No. 23-cv-00923-NYW-SBP, 2023 WL 6602123, at *9 (D. Colo. Oct. 10, 2023); *Ringhofer v. Mayo Clinic, Ambulance*, 102 F.4th 894, 902 (8th Cir. 2024). [ECF # 38, p. 8]. Moreover, Rogers notes: "*Ringhofer* is the most on-point precedent I have identified at the circuit level." [ECF # 38, p. 8, n. 5].

Further, the following two recent District Court decisions relied on *Ringhofer* in denying motions by defendant employers to dismiss the plaintiffs' failure to accommodate (religious beliefs) in the context of the COVID-19 vaccine: (1) *Carlson v. Centene*, 2024 WL 2862584, at *3 (E.D. Mo. June 6, 2024), and (2) *Michael Larson v. Timothy Walz, in his official capacity as Governor of the State of Minnesota, et al.*, 2024 WL 2958425, at *6 (D. Minn. June 12, 2024).

In the present action, Newmont questions Plaintiff's reliance on *Does 1–11 v. Regents of the Univ. of Colorado*, 100 F.4th 1251, 1274 (10th Cir. 2024). [ECF # 98, p. 13, n. 6].

Plaintiffs' failure to accommodate claims are directly supported by *Does 1-11 v. Bd. of Regents of Univ. of Colorado*, No. 21-1414, 2024 WL 2012317, at *1 (10th Cir. May 7, 2024).The *Does 1-11* decision interpreted failure to accommodate claims regarding a COVID-

9

19 vaccine mandate under the First Amendment and Title VII. In *Does 1-11,* the Court prohibited *the* employer's intrusive inquiry into an employee's stated religious beliefs relied upon to support his requested accommodation.

The *Rogers* decision relies on *Does 1-11* as support for its finding for plaintiff Rogers on his accommodation claim. [ECF # 38, p. 7- 8, n. 5].

### 6. The Proposed Amendments Are Not Futile

Based on the above legal authority, Plaintiffs' proposed amendments are not futile. It is well settled that a proposed amendment is futile only if the complaint, as amended, would not survive a motion to dismiss. *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (citing *Jefferson County Sch. Dist. v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999)). Plaintiff should be afforded the opportunity to test its claims under Rule 12(b)(6), should Defendant choose to file one. *See Foman*, 371 U.S. at 182 ("If the underlying facts or circumstances relied upon by plaintiff may be a proper subject of relief, [it] ought to be afforded an opportunity to test [its] claim on the merits."). *Brinkman Constr., Inc. v. Lloyd*, No. 19-CV-03438-CMA-KLM, 2020 WL 4915605, at *3 (D. Colo. Aug. 20, 2020).

Concerning whether Plaintiff's amended Complaint is subject to a challenge in a motion to dismiss, the Court must construe the Complaint in the light most favorable to Plaintiff, and the allegations in the Complaint must be accepted as true. *Id.* Any ambiguities must be resolved in favor of Plaintiff, giving it the benefit of every reasonable inference drawn from the well-pleaded facts and allegations in [its] Complaint." *Id.* (quotations omitted). *Brinkman* 2020 WL 4915605, at *2.

### 7. Cody Schwab Asserts a Viable Claim

Cody Schwab proposed amended claim asserts sufficient facts to meet the elements of the failure to accommodate claim, He asserts facts sufficient to establish: 1) he had a bona

10

fide religious belief that conflicted with the vaccine job requirement, 2) he informed Defendant of this conflict, and 3) Defendant fired him for failing to comply with the job requirement." *Tabura v. Kellogg USA*, 880 F.3d 544, 549 (10th Cir. 2018).

Schwab agrees to the Common Allegations in the Proposed Third Amended Complaint. [ECF # 94-1, p, 19, ¶ 134]. Schwab filed a timely and proper request for a reasonable accommodation based on religion to Newmont, which was based on his personal and private understanding of his faith in his God and Lord and his religious beliefs and practices, as he understood his faith and conscience belief, which prohibited him from taking the vaccine. [ECF # 94-1, p. 19, ¶ 141-142]. Schwab's request for religious accommodation was based on his sincerely held religious beliefs. [ECF # 94-1, p. 19, ¶ 143].

Schwab informed Newmont he was a Christian, and he stated he could not be vaccinated due to his Christian religious beliefs and faith. He explained his upbringing included weekly mass services at local churches throughout the Cripple Creek district. During this period, his Christian ideals and beliefs were instilled in him. [ECF # 94-1, p. 20, ¶ 145-146].

Schwab was baptized at the age of six and he had been a Christian for over forty years. He specifically explained he could not take the vaccine because he could not: (1) not inject anything in his body that contained cells from aborted fetuses, and (2) justify in good faith putting a vaccine into his body that contained cells from aborted fetuses. [ECF # 94-1, p. 20, ¶ 147].

Schwab objected to all Covid-19 vaccines. He stated he could not allow Satan to guide his decisions. [ECF # 94-1, p. 20, ¶ 148]. Schwab specifically cited and relied on Scripture in Romans 14:2-13. [ECF # 94-1, p. 20, ¶ 149]

Schwab's request for religious accommodation met the legally required standard for reasonable accommodation based on religion. [ECF # 94-1, p. 20, ¶ 149]. Newmont denied

11

his accommodation request and terminated his employment on January 17, 2022. [ECF # 94-1, p. 20, ¶ 156, 158].

Schwab's claim is like the claims upheld by the Court of Appeals in *Ringhofer* and the other decsions cited above. He informed Newmont of his religious opposition to taking the vaccine, which included his religious opposition to abortion and taking the vaccine made with or tested on aborted fetal sites. In addition, Schwab's claim is based on Christian faith and belief in specific scripture, and he informed Newmont of these beliefs supporting his postion on the vaccine.

Based on the legal authority cited above, in which the courts apply a broad, non-intrusive standard to evaluate the issue of a conflict between an employee's religious beliefs and the job requirement, Schwab's request/motion to amend his accommodate claim should be granted.

## CONCLUSION

Based on the discussion above, Plaintiffs Phillip Leck, Cody Schwab, Austin Morris, and Kenneth Prickett request the Court to grant their motion to amend their claims for a reasonable accommodation based on their religious beliefs.

Dated: July 2, 2024.

Respectfully submitted,

*/s/ Steven L. Murray*
Murray Law, LLC
3900 East Mexico Avenue, Suite 300
Denver, CO  80210
Telephone: (303) 396-9952
Email: Steven@smurraylaw.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true copy of the above PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT was served to all counsel for Defendants listed below via the Court's ECF filing service this July 2, 2024.

    Robert M. Thomas
    Campbell Litigation, P.C.
    1410 N. High St.
    Denver, CO 80218
    Telephone: (303) 536-1833
    Email: robert@campbell-litigation.com

    Stacey Campbell
    Campbell Litigation, P.C.
    1410 North High Street
    Denver, CO 80218
    303-536-1833
    Email: stacey@campbell-litigation.com

    John Mark Baird
    Baird Quinn, LLC
    2036 East 17th Avenue
    Denver, CO 80206
    303-813-4500
    Email: jmb@bairdquinn.com


*/s/Steven L. Murray*
_____
Steven L. Murray